JOSEPH E. CHAMBERS, BY HIS NEXT FRIEND, JOSEPH CHAMBERS, AND JOSEPH CHAMBERS INDIVIDUALLY, PLAINTIFFS, v. SAMUEL KRAMER AND JOSEPH KRAMER, DEFENDANTS.

Decided June 27, 1927.

Negligence—Contributory Negligence—Evidence Examined and Held Not Sufficient to Justify Setting Aside the Verdict of the Jury.

On defendants' rule to show cause.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the rule, *Kalisch & Kalisch.*

*Contra, Collins & Corbin* and *Edward A. Markley.*

PER CURIAM.

The above case was submitted on briefs at the October term, 1925. It was decided on January 15th, 1926. At that time the application for a rule to show cause made in behalf of the defendants why the verdicts rendered in favor of the plaintiff should not be set aside was denied. The basis for the decision was the failure of the defendants to apply for the rule within the time limited by rule 123 of the Supreme Court. Subsequent to the filing of this decision the defendants presented a certificate of Judge Stein, Common Pleas judge of Union county, before whom the case was tried, to the effect that the application had been made within the time fixed by said rule. Upon the certificate of Judge Stein being presented to this court the case was again considered upon the briefs submitted.

We have examined the testimony and have reached the conclusion that the questions of the contributory negligence of the plaintiff and of the negligence of the defendants were clearly questions under the evidence for the determination of the jury, and that the evidence offered in behalf of the defendants is not sufficient to outweigh the evidence of the plaintiff. A jury has a better opportunity to judge the credibility of the witnesses than a court. It does not follow that a court should accept necessarily the testimony of the greater number of witnesses.

We do not find in the present case evidence which justifies us in setting aside the verdicts rendered. It is not shown that such verdicts are so clearly against the weight of the evidence as to give rise to the inference that the verdicts were the result of mistake, passion, or prejudice. *Boesch* v. *Kick,* 97 *N. J. L.* 92; *Queen* v. *Jennings,* 93 *Id.* 353.

We have treated this case as if a rule had been granted.

The application of the defendants for a rule is denied, with costs.